UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND BYERS and TIFFANY BYERS, husband and wife<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | CIVIL ACTION<br><br>NO.: _____ |

## COMPLAINT

1.  Plaintiffs, Raymond Byers and Tiffany Byers, are husband and wife and citizens and residents of the State of New Jersey residing therein at 65 Decatur Avenue, Middlesex, NJ 08846.

2.  Defendant, National Railroad Passenger Corporation (AMTRAK) is a corporation duly organized and existing under and by virtue of the laws of The United States of America, with its principal place of business in Washington, D.C. or Philadelphia, Pennsylvania.

3.  The plaintiffs are citizens of the State of New Jersey. The defendant is a citizen of the District of Columbia or The Commonwealth of Pennsylvania. Jurisdiction is based on diversity of citizenship and the amount in controversy is in excess of $75,000.00.

4.  At all times material hereto, the defendant conducted business in The District of New Jersey.

5.  At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of

1

the defendant.

6. On or about April 13, 2018, at approximately 9:30 p.m. plaintiff was employed as a conductor for New Jersey Transit Rail Operations, Inc. and was working on the platform of tracks 9-10 at AMTRAK's Pennsylvania Station in New York City.

7. At all times material hereto, the defendant owned a certain train station, including the tracks and platforms within, known as the Pennsylvania Station in New York City, New York.

8. At all times material hereto, the defendant maintained a certain train station, including the tracks and platforms within, known as the Pennsylvania Station in New York City, New York.

9. At all times material hereto, the defendant possessed a certain train station, including the tracks and platforms within, known as the Pennsylvania Station in New York City, New York.

10. At all times material hereto, the defendant controlled a certain train station, including the tracks and platforms within, known as the Pennsylvania Station in New York City, New York.

11. At all times material hereto, the defendant operated a certain train station, including the tracks and platforms within, known as the Pennsylvania Station in New York City, New York.

12. At all times material hereto, the defendant held open to the public a certain train station, including the tracks and platforms within, known as the Pennsylvania Station in New York City, New York.

13. At all times material hereto, plaintiff was a business invitee and/or business visitor of the defendant known as the Pennsylvania Station in New York City, New York.

14. On or about April 13, 2018, at or about 9:30 p.m. and for some time prior thereto, plaintiff was employed by New Jersey Transit Rail Operations, Inc., as a conductor, and as part of his employment responsibilities, was located on the platform to track 9-10 of AMTRAK's Pennsylvania Station, New York City.

15. As a result of the negligence of the defendant, individually and/or through its agents, servants, workman and/or employees, an overhead sign located above said platform fell, striking plaintiff on the head and face, causing him to twist or wrench his neck and further causing him to sustain serious, painful and permanent injuries particularly hereinafter set forth.

16. The negligence and carelessness of the defendant consisted of the failing to discover the unsafe condition of the subject sign, failing to properly maintain the subject sign, failing to repair the subject sign, and failing to warn plaintiff of the dangerous condition of said sign.

17. Plaintiffs respectfully incorporate the foregoing paragraphs in the following Counts as if set forth therein at length.

## COUNT I
### *Raymond Byers v. AMTRAK*

18. As a result of the aforesaid accident, plaintiff sustained injuries to his body including, but no limited to, multiple abrasions, contusions, and lacerations of the head and face; contusion of the left eyeball and orbital tissues; injury to the cervical spine; cervical sprain and strain; cervical radiculitis; cervical facet syndrome; cervical spondylosis; and other injuries and abnormalities to the body. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently know.

19. As a result of the accident referred to herein, plaintiff suffered a loss and impairment

of earnings and earning power and may suffer the same of an indefinite time in the future, has undergone great physical pain and anguish and may undergo the same for an indefinite time in the future, has been obligated to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries and has been unable to attend to his usual duties and occupation and may be unable to attend to the same in the future, all to his great detriment and loss.

## COUNT II
### *Tiffany Byers v. AMTRAK*

20. As a result of the injuries sustained by husband-plaintiff as aforesaid, wife-plaintiff has been deprived of society, companionship and consortium of her husband-plaintiff herein, and she will be deprived of the same for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE,** each plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand ($150,000.00).

Respectfully submitted,
COFFEY KAYE MYERS & OLLEY


BY: */s/ Robert E. Myers*
ROBERT E. MYERS, ESQUIRE
Attorneys for Plaintiffs